IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JONATHAN P[1]**,<br><br>        Plaintiff,<br><br>      v.<br><br>**ANDREW M. SAUL,** Commissioner of<br>Social Security,<br><br>        Defendant. | Case No. 3:18-cv-1831-SI<br><br>**OPINION AND ORDER** |

Kevin Kerr, SCHNEIDER, KERR, & ROBICHAUX, PO Box 14490, Portland, OR 97293. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; David J. Burdett, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Jonathan P. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental social security income ("SSI") and disability insurance benefits ("DIB"). Because the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

Commissioner's findings are not supported by substantial evidence, the decision is **REVERSED** and this case is **REMANDED** for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff was born on February 28, 1985. He filed his application for benefits on May 4, 2015, initially alleging that his disability began on January 1, 2006. He amended his alleged disability onset date to December 1, 2013 at the administrative hearing. AR 47. He was 28 years old when his period of disability allegedly began. He claims disability due to anxiety, panic attacks, depression, "low IQ," and "IEPs." AR 217. The Commissioner denied his application both initially (AR 52) and on reconsideration (AR 76). In December 2015 Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 122. ALJ Paul Robeck conducted a hearing in June 2017. AR 36. The ALJ concluded that Plaintiff is not disabled and issued a written decision denying Plaintiff's application. AR 12. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review in August 2018. AR 1. Plaintiff seeks judicial review of the Commissioner's final decision. ECF 1.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since December 1, 2013, the alleged onset date. AR 17. At step two, the ALJ found that Plaintiff suffers from the following four severe medically determinable impairments: borderline intellectual functioning, alcohol use disorder, histrionic and dependent personality traits, and other anxiety disorder. AR 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Between step three and step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform:

> [A] full range of work at all exertional levels but with the
> following nonexertional limitations: can perform simple repetitive

>     tasks, no working as part of a team, and only incidental public
>     contact.

AR 19. At step four, the ALJ found that Plaintiff could not perform his past relevant work as a cashier checker, fast-food worker, or sales clerk. AR 26. Based on the testimony of the vocational expert, however, the ALJ determined that Plaintiff could perform his past relevant work as a store laborer. *Id.* At step five, the ALJ alternatively found that there are other jobs existing in significant numbers in the national economy that Plaintiff could perform—including janitor, agricultural produce packer, and cleaner. AR 27.

## DISCUSSION

### A. Medical Opinion Testimony of Dr. Johnston

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).

The ALJ invoked Dr. Johnston's July 2015 opinion that Plaintiff could "understand and remember simple, one step instructions" and would "be able to work a normal day or workweek in the type of jobs he had performed in the past." AR 24. Elsewhere in his report, Dr. Johnston stated that Plaintiff "may have difficulty" with multi-step instructions. AR 346. The ALJ did not, however, invoke this part of Dr. Johnston's opinion in his decision. The ALJ gave Dr. Johnston's opinion "significant weight." AR 24. Plaintiff contends that the ALJ improperly rejected

Dr. Johnston's opinion limiting Plaintiff to "simple, one-step instructions" by instead limiting Plaintiff to "simple repetitive tasks" in the RFC—a limitation that Plaintiff argues is less restrictive than "simple, one-step instructions." The Court agrees that this is a significant conflict. All the jobs the Vocational Expert identified require Level 2 reasoning, and Level 2 reasoning is incompatible with a restriction to "simple, one-step tasks." *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015) (recognizing the conflict between the demands of Level 2 reasoning and a limitation to one- to two-step tasks). Because Dr. Johnston is an examining physician, the question is whether the ALJ provided "clear and convincing" reasons for rejecting Dr. Johnston's opinion. *Pitzer*, 908 F.2d at 506.

The Court cannot rely on Dr. Johnston's statement that Plaintiff "may have difficulty" with multi-step instructions to affirm the ALJ's decision because the ALJ did not include the statement as a reason for his decision that Plaintiff could perform "simple, repetitive tasks." *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2015) (holding that courts may not affirm an ALJ's adverse decision based on evidence the ALJ did not invoke). The ALJ, however, stated that Dr. Johnston believed Plaintiff could perform his past relevant work history on a normal schedule, which included jobs requiring Level Three reasoning. That is a "clear and convincing" reason for finding that Plaintiff could perform jobs requiring Level Two Reasoning. Indeed, the ALJ "restricted task complexity within the RFC" based on Dr. Johnston's assessment. AR 24.

Plaintiff argues that the Court should disregard Dr. Johnston's opinion that Plaintiff could "work a normal day or workweek in the type of jobs he had performed in the past" because Dr. Johnston is not a vocational expert. AR 24. This argument is misguided. As an acceptable examining source, Dr. Johnston is qualified to give medical opinions. A medical opinion is "a statement from a medical source about what you can still do despite your impairment and

whether you have one or more impairment-related limitations or restrictions" in areas like the "ability to perform physical demands of work activities" or the "ability to perform mental demands of work activities." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Dr. Johnston's opinion that Plaintiff can perform his previous jobs on a normal schedule falls within this category. The ALJ did not err in this respect.

**B. Lay Testimony of Mr. Murphy**

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence. *Id.* Thus, an ALJ may not reject such testimony without comment. *Id.* In rejecting lay testimony, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

Mr. Murphy worked with Plaintiff for eight months through a Supported Employment Program. In a March 2017 letter, Mr. Murphy wrote that Plaintiff "became overwhelmed with job tasks" and that his anxiety was severe enough to cause muscle spasms in Plaintiff's head and neck that made his speech unintelligible. AR 418. Mr. Murphy also wrote that Plaintiff told him that he suffered from panic attacks, loss of sensory integration, and loss of some motor control. *Id.* As a result, Mr. Murphy believed that Plaintiff would not be able to hold down a full-time job because he would miss more than two full-time workdays each month, even with accommodations. AR 419. The ALJ gave this testimony "limited weight" because Mr. Murphy's opinion that Plaintiff could not work full time was inconsistent with his reports that he could

shop, take walks, cook meals, play pool with friends, and maintain a romantic relationship with his girlfriend and eventual wife. AR 22. The ALJ also noted that no treatment providers observed head and neck spasms like those Mr. Murphy described. *Id.* Because Mr. Murphy is a lay witness, the question is whether the ALJ provided germane reasons for rejecting his testimony. *Molina*, 674 F.3d at 1114.

The ALJ rejected Mr. Murphy's testimony about Plaintiff's head and neck spasms because it was inconsistent with the objective medical evidence in the record—none of the doctors who examined Plaintiff observed these spasms. That inconsistency is a germane reason for rejecting Mr. Murphy's testimony about Plaintiff's spasms. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citation omitted).

The ALJ rejected Mr. Murphy's opinion about Plaintiff's other symptoms because it was inconsistent with Plaintiff's self-reported activities of daily living (ADLs). AR 22. The ALJ found no evidence that Plaintiff's panic-related symptoms "kept him from performing those tasks." *Id*. These inconsistencies establish that Plaintiff's functional limitations do not prevent him from talking walks, playing pool, cooking, shopping, or maintaining meaningful social and romantic relationships. The ALJ, however, did not address the relevant question—whether Plaintiff's ADLs meet the "threshold for transferrable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Ninth Circuit has explained that ADLs are relevant only to the extent that they translate to "the more grueling environment of the workplace," *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), or are inconsistent with a plaintiff's claimed limitations, *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ, however, partially discounted Plaintiff's subjective symptom testimony based on inconsistencies with his reported ADLs. Plaintiff does not challenge that the inconsistencies

were a "clear and convincing" reason for rejecting Plaintiff's subjective symptom testimony. To the extent that Mr. Murphy's testimony overlaps with rejected areas of Plaintiff's subjective symptom testimony, the inconsistencies also justify rejecting the overlapping portions. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that "clear and convincing" reasons for rejecting subjective symptom testimony are also "germane" reasons for rejecting lay testimony that says the same thing).

But this reasoning is inapplicable to those portions of Mr. Murphy's testimony that add to, rather than overlap with, Plaintiff's subjective symptom testimony. It is also inapplicable to portions of Plaintiff's own testimony that the ALJ did not specifically reject for clear and convincing reasons. Mr. Murphy testified that Plaintiff reported suffering from loss of sensory integration, some loss of motor control, and blackouts. AR 418. The ALJ did not reject or mention any of Plaintiff's testimony about these symptoms. Thus, the inconsistencies that justify rejecting Plaintiff's other symptom testimony do not justify rejecting Mr. Murphy's lay opinion that these additional symptoms would prevent Plaintiff from holding a full-time job. The ALJ committed legal error in this respect.

**C. Remand for Further Proceedings**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been

improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The ALJ committed reversible error in rejecting Mr. Murphy's lay witness testimony. The Court cannot, however, find that the record as a whole is free from all conflict and ambiguity.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is **REVERSED AND REMANDED** for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 26th day of December, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge